Jack E. DAVIDSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14280.

Court of Criminal Appeals of Oklahoma.

July 12, 1967.

Jack E. Davidson, pro se.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Jack E. Davidson, hereinafter referred to as defendant, was charged by Information in the County Court of Blaine County, Oklahoma, with the offense of Reckless Driving on the 23rd day of October, 1966. He was duly arraigned on said charge on October 25, 1966, at which time he entered a plea of not guilty and bond was fixed in the amount of $500.00. Thereafter the defendant was released on bond and the case was docketed for trial on December 12, 1966, at which time the following occurred:

"THE COURT: Are you ready?

MR. MORGAN: State is ready.

THE COURT: Is the defendant present?

MR. DAVIDSON: Yes, sir.

THE COURT: Will you come around? Just have a chair. Do you have an attorney, Mr. Davidson?

MR. DAVIDSON: No, sir, and I'd like to. I made a plea one time for a public defender in this court because I didn't have the money for an attorney and, as of now, I would like to ask for a continuance on this case until I can either get an attorney or the court can appoint me one.

THE COURT: Well, it appears from the record here that you were able to employ a professional bondsman and, under the circumstances, you could not be considered a pauper and the court would not have authority to appoint an attorney for you. It has been some time now since you were arraigned and you have known of these circumstances, so the motion for continuance will be overruled. Now we will try to take care of your rights and see that you receive a fair trial. Just have a chair.

MR. DAVIDSON: Well, let the record show that I asked for a public defender and I am not being legally represented nor adequately.

THE COURT: Overruled."

Thereafter the jury was impaneled and sworn, and the following proceedings occurred:

"MR. DAVIDSON: I would like to make another motion for continuance on the grounds that the passenger who was in my car is not present.

MR. MORGAN: Do you have a subpoena issued for him?

MR. DAVIDSON: No, I don't. He was a witness though.

MR. MORGAN: It comes too late. This man seems to be pretty well versed in the law himself on these things.

THE COURT: You say he has not been subpoenaed?

MR. DAVIDSON: No, he hasn't.

THE COURT: Overruled. Call your first."

The State then proceeded to present its evidence and the testimony adduced on behalf of the State was, in substance, that in the early morning of October 23, 1966, Mr. John Cecil Foster had stopped his car at a stop sign at the intersection of Highway 58 and 58A, when he observed lights approaching him from the rear, moving at a "pretty good lick." The car swerved to the left and sideswiped his vehicle, but failed to stop. Foster pursued the car over two hills, and pulled along side of it on a sandy road three-quarters of a mile from the scene of the collision, where he observed the defendant as the driver of the vehicle and it was at this point that the car driven by the defendant became stuck in the sand. The witness, Foster, stated that the defendant denied having collided with his vehicle, was quarrelsome and further stated that the defendant produced an insurance card belonging to his co-passenger, one Clinton D. James, and claimed that this was his insurance card. Whereupon, the co-passenger in the car stated that the insurance card belonged to him and it was at this point that the witness proceeded to the nearest telephone and called B. W. Reed of the Oklahoma Highway Patrol, who pro-

ceeded to the scene of the accident, made an examination of the skid marks at the point of impact, questioned the witnesses at the scene and directed that the car belonging to the defendant be towed in. The Highway Patrolman, under cross-examination, stated that he had checked the brakes of the vehicle and that they were in working condition and could have stopped the automobile. The Highway Patrolman did not see the defendant at the scene of the collision or where the cars were parked.

Aaron Grothe testified that he had towed the defendant's car into a salvage yard from the place where it was stuck in the sand. He stated that when he first started towing the car it was in gear, and that he stopped the tow truck, proceeded to the car to disengage the gear, and by the light of his flashlight, observed the defendant in the trunk of the car (the partition between the back and the front apparently having been removed), This witness positively identified the defendant as being the man he observed in the trunk of the car. Aaron Grothe, the witness, flagged Officer Reed to inform him that there was a man in the car and upon his returning to the car with Officer Reed, they discovered that the defendant had fled.

The defendant, testifying in his own behalf, admitted driving the vehicle which collided with Foster's automobile, but stated that his brakes failed him and he was unable to stop or to avoid colliding with the car and that he did not intend to leave the scene of the accident, but was unable to stop the automobile until he had driven three-quarters of a mile from the scene of the accident, where he became stuck in the sand while attempting to turn around and return to the scene. He admitted hiding in the trunk of the car and stated that he was fearful that Foster and his companions would start an altercation. Defendant denied that he intended to present false insurance papers or that he had ever claimed to be James. He

stated that James had given him his insurance card in order that whatever towing charge was incurred as a result of the accident, would be paid for by James' insurance company. During the course of the defendant's testimony he stated that he was employed as a musician at Cookie's Club (apparently a tavern in the area), and asserted both in his testimony and closing argument that he could have pled guilty to a fine and that it had already cost him $500.00 for a bondsman, and that if he had been charged with a lesser offense he would have pled guilty.

The Court properly instructed the jury, who rendered a verdict finding the defendant guilty and assessing his punishment at a fine of $250.00 and costs. Judgment and sentence was pronounced in accordance with the verdict of the jury on the 22nd day of December, 1966, whereupon defendant gave notice of his intention to appeal to the Court of Criminal Appeals, ordered casemade consisting of 102 pages, and filed the same, with Petition-in-Error attached, after having paid the filing fee for the same on the 21st day of April, 1967. After judgment and sentence was rendered against him, defendant was released on an appeal bond in the sum of $600.00.

■ Defendant urges many assignments of error. It is first contended that the trial court erred in refusing to appoint counsel to represent him when he was unable to employ the same. From the record before us it is abundantly clear that the defendant was employed, had been released on bond after having paid a professional bondsman to make the same, and was financially able to employ a professional bondsman to make his appeal bond, pay for casemades in the two appeals here pending, in the sum of $203.00, and pay filing fees in the sum of $30.00. We are of the opinion that the defendant was not at the time of trial, and was not at the time this appeal was perfected, an indigent person within the meaning of the statute authorizing the appointment of

counsel for indigent persons. A person who is gainfully employed, able to hire professional bondsmen, both in the trial court and on appeal, and able to pay for the casemades and filing costs incident to perfecting appeals, does not bring himself within the purview of the statute. The fact that it might impose a financial burden upon a gainfully employed person does not make him a pauper, nor can we conclude that the trial court erred in over-ruling his motion for a continuance in order that he could secure counsel when he had ample notice prior to trial of the date set for the same and did nothing toward employing counsel.

■ The defendant's third contention that the trial court erred in refusing to grant him a continuance because of the absence of a material witness is equally without merit, for the reason that defendant did not seek to subpoena said witness prior to the trial and especially is this true in the instant case when the witness is a nephew of the defendant.

■ Defendant further urges that the evidence is insufficient to support the verdict of the jury, but from the summary of evidence it clearly appears that the evidence adduced on behalf of the State amply supports the verdict of the jury and although it is in conflict with defendant's testimony, we have repeatedly held:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

See Music v. State, Okl.Cr., 396 P.2d 894.

Defendant urges other assignments of error which are unsupported by the record and we take this opportunity to observe that the trial court was meticulously fair and gave great latitude to the defendant in allowing him to ask incompetent and argumentative questions and to testify during his cross-examination of the State's witnesses.

For all of the reasons above set forth, we are of the opinion that the judgment and sentence appealed from should be, and the same hereby is affirmed. Judgment and sentence affirmed.

BRETT, J., and NIX, P. J., concur.

